**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 10-61596-CIV-MOORE/SIMONTON**
**CONSENT CASE**

**JUAN MATHEUS,**

      **Plaintiff,**

**v.**

**WAGNER & HUNT, P.A.,**

      **Defendant.**

_____/

**ORDER DENYING SUMMARY JUDGMENT**

This matter is before the Court upon Defendant's Amended Motion for Summary Judgment (DE # 33). Based upon the consent of the parties, the Honorable K. Michael Moore, United States District Judge, has referred this case to the undersigned Magistrate Judge to take all necessary and proper action, including entry of final judgment (DE # 14). Plaintiff has filed a Response to Defendant's Amended Motion (DE # 36). Defendant has not filed a reply.

Defendant argues in its Amended Motion for Summary Judgment that Plaintiff failed to properly notify the bankruptcy court in Plaintiff's separate bankruptcy proceedings of Plaintiff's claims against Defendant in this action. Defendant contends that the action before this Court, therefore, is precluded by the doctrine of judicial estoppel since Plaintiff has already represented to the bankruptcy court that the present action does not exist (DE # 33 at 2).

Plaintiff takes issue with the facts as Defendant presents them, and offers evidence to controvert them. Specifically, Plaintiff has provided documents that

demonstrate that Plaintiff, indeed, made the bankruptcy court aware of this action before final adjudication of Plaintiff's bankruptcy (DE # 36 Exs. A, B and C).

Rule 56(c) of the Federal Rules of Civil Procedure authorizes entry of summary judgment where the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is properly regarded not as a disfavored procedural shortcut but, rather, as an integral part of the federal rules as a whole, which are designed to secure a just, speedy, and inexpensive determination of every action.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). However, all reasonable doubts about the facts should be resolved in favor of the non-movant.  *Clemons v. Dougherty County*, 684 F.2d 1365, 1369 (11th Cir. 1982) (citations omitted).  If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial.  *Id*.  Thus, summary judgment may be inappropriate even where the parties agree on the basic facts but disagree about the inferences that should be drawn from these facts.  *ProfiTel Group, LLC v. PolyOne Corp.*, 238 Fed.Appx. 444 (11th Cir. 2007) (*citing Clemons*, 684 F.2d at 1368).  If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment.  *Id.*  However, the mere existence of a scintilla of evidence in support of the non-movant's position will be insufficient; there must be evidence on which the jury could reasonably find for the non-movant.  *Id.* (*citing Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999) (quotation omitted)).

Where the moving party bears the burden of proof, it is incumbent upon the moving party to produce evidence to establish its claim.  However, "where the nonmoving party will bear the burden of proof at trial on a dispositive issue ... Rule 56(e) requires the nonmoving party to go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.,* 477 U.S. at 324 (citation

2

omitted).  The moving party is required only to point to the absence of evidence in the record as to that issue.

The undersigned finds that, at the very least, awarding summary judgment to Defendant based upon the contentions contained in the Amended Motion for Summary Judgment is inappropriate because there is a genuine issue as to a material fact, namely, concerning when Plaintiff became aware of his right to bring this action, and why he delayed in notifying the bankruptcy court of the present action.[1]  Plaintiff, in his Response, has offered evidence that disputes Defendant's claims and supports his presentation of the facts.  The undisputed facts do not demonstrate that Plaintiff made inconsistent statements "calculated to make a mockery of the judicial system," which is required under the doctrine of judicial estoppel.  *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002) (citation omitted).  Because a genuine issue as to a material fact exists, and since the Court must resolve such disputes in favor of the nonmoving party at this procedural stage, summary judgment in favor of Defendant is inappropriate.  *See Clemons*, 684 F.2d at 1369; *Anderson*, 477 at 248.[2]  It is therefore

**ORDERED AND ADJUDGED** that Defendant's Amended Motion for Summary Judgment (DE # 33) is **DENIED.**

---

[1] Plaintiff requested the Court to take judicial notice of his Amended Petition, and Defendant did not object.  A review of Plaintiff's bankruptcy case confirms that this law lawsuit has been disclosed.

[2] Moreover, to the extent that Defendant seeks to invoke the judicial estoppel doctrine based solely upon the initial failure to disclose this lawsuit in the bankruptcy proceedings, the undersigned finds that such action is not appropriate under the undisputed facts of this case.  Unlike *Helson v. Nuvell Financial Services Corp.,* No. 8:05-CIV1788T17MAP, 2006 WL 1804583 (M.D. Fla. June 27, 2006), Plaintiff has disclosed this lawsuit during the pendency of the bankruptcy proceeding, and prior to Defendant filing the presently pending Amended Motion.

**DONE AND ORDERED** in chambers in Miami, Florida, on May 17, 2011.


_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**


**Copies provided to:**
**All counsel of record via CM/ECF**

4